UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) | Civil Action No. _____ |
| v. ) ) | |
| PAPA'S ITALIAN. ) ) ) | **COMPLAINT** |
| Defendant. ) ) | **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, to compel Defendant, Papa's Italian, to comply with a Settlement Agreement, achieved through the EEOC mediation process, in resolution of a charge filed on the basis of sex (female) discrimination, and to provide appropriate relief to Jaime Steffenson, the Charging Party. The Commission alleges that it entered into a Mediation Settlement Agreement ("Agreement") with Papa's Italian on April 28, 2004, in settlement of Charge No. 265-2004-00755, which Jaime Steffenson filed with the EEOC. The Commission further alleges that Papa's Italian has breached the Agreement in that it has failed and refused to abide by the terms of the Agreement.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3).

2.   The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

3.   Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is authorized to bring this lawsuit pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.   At all relevant times, Defendant, Papa's Italian, has continuously been a Minnesota corporation doing business in the State of Minnesota, in the city of Zimmerman, and has continuously had at least 15 employees.

5.   At all relevant times, Defendant, Papa's Italian, has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.   More than thirty days prior to the institution of this lawsuit, Steffenson filed a charge with the Commission alleging violations of Title VII by Defendant, Papa's Italian.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.   Since at least August 2, 2004, Defendant, Papa's Italian, has failed and refused to comply with the terms of the Agreement it entered into with the Commission and Steffenson on or about April 28, 2004.  A copy of the Agreement is attached hereto as Exhibit A.

8.   The unlawful practices complained of in paragraph 7 above were and are intentional.

9. The unlawful practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Steffenson.

**PRAYER FOR RELIEF**

Wherefore, the Comission respectfully prays that this Court:

A. Grant a judgment ordering Defendant, Papa's Italian, to pay Steffenson the amount of damages Defendant negotiated and agreed to pay, prejudgment interest, and legal costs associated with the collection of the amount due and owing;

B. Grant a permanent injunction compelling specific performance of the Agreement entered into and executed by Defendant, Papa's Italian, and Steffenson through the Commission's mediation process;

C. Order Defendant, Papa's Italian, to make whole Steffenson by providing her compensation for any past and future pecuniary losses resulting from the breach of the Agreement described in paragraph 7 above, in amounts to be determined at trial.;

D. Order Defendant, Hofler Construction, to pay punitive damages for its malicious and/or reckless conduct described in paragraph 7 above;

E. Order such further relief, including a monetary penalty, as this Court deems necessary and proper in the public interest.

F.    Award the Commission its costs of this action.

    Respectfully Submitted,

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

Dated: December 30, 2005    /s/ Jean P. Kamp
    Jean P. Kamp
    Regional Attorney

Dated: December 30, 2005
    Rosemary J. Fox.
    Supervisory Trial Attorney

Dated: December 30, 2005
    Marcie B. Cornfield
    Trial Attorney

    EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION

    Milwaukee District Office
    310 West Wisconsin Avenue - Suite 800
    Milwaukee, WI 53203-2292
    (414) 297-1114